UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - ORDER

Case No.:   SACV 12-1300 JVS (ANx)                    Dated: October 30, 2013

Title:   SMS Signature Cars, Inc. v. Connects Marketing, LLC, et al.
================================================================

Present:  **Hon. Arthur Nakazato,  United States Magistrate Judge**
(In Chambers - No Appearances)

| Stephen Ybarra | None |
|---|---|
| Deputy Clerk | CourtSmart Ref. No. |

**Proceedings:**   Defendants' motion for protective order [85] ("Motion")

**Rulings:**   The Motion is granted for the reasons, and in the manner, discussed below.

**Discussion:**

Having read and considered the parties' respective papers relating to the Motion, the Court finds this matter is appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78(b), 83(a)(1); Local Rule 7-15. Therefore, the hearing date is vacated and off calendar, and the clerk is directed to notify the parties that no appearances are required.

### I.  Background

Plaintiff SMS Signature Cars, Inc. ("SMS") and defendant Connects Marketing LLC ("Connects") have tentatively agreed upon the terms of a proposed two-tiered confidentiality order governing the designation and handling of proprietary and confidential information. The proposed confidentiality order includes an "Attorney's Eyes Only" ("AEO") provision that was proposed by SMS. This provision bars an opposing party's counsel from disclosing a producing party's AEO designated materials to "the opposing party or to any officer, director, employee, agent or any other person in any way related to or connected with the opposing party." However, Connects states that the parties are unable to finalize a joint stipulation for the proposed order because SMS insists upon carving out an exception to the AEO provision for its counsel of record in this case, Jonathan Michaels of the Michaels Law Group, APLC ("Michaels Law Group"). Connects objects to the exception because Michaels is a shareholder and one of only three board members of SMS's parent corporation, Saleen Automotive, Inc. ("Saleen"), and he has served as general counsel for both Saleen and SMS

SMS Signature Cars, Inc. v. Connects Marketing, LLC, et al
SACV 12-1300 JVS (ANx)
October 30, 2013
Page 2
=========================================================================

since their inception. Connects asserts that, "[a]s one of only three current directors of Saleen Automotive and general counsel for both it and SMS, Michaels is in a position to influence all major decisions of Saleen Automotive and its subsidiaries. This includes all significant decisions concerning Saleen Automotive and SMS' Automotive operation, direction, product offerings, production design, finances, and the pricing of their products." (Joint Stipulation ("JS") at 8.) Connects also asserts, in addition to being the founding member of the Michaels Law Group, Michaels holds himself out as having special expertise and knowledge of the automobile industry, that he describes his law firm as "well-known in the automotive industry as the 'go-to' firm for business transactions and automotive-related disputes[,]" and that "Michaels' advertised expertise only underscores Connects' need to be protected from the possibility that its most sensitive proprietary information could be used against it." (*Id.*) Under the circumstances, Connects asserts the proposed confidentiality order, including its AEO provision, is necessary, and it moves the Court for an order that would bar Michaels and the associates of his law firm from being able to view any AEO materials designated by Connects.

SMS contends the Motion should be denied because Connects is "insecure" about Michaels' role in SMS insofar as SMS has its own set of officers and directors that are distinct from Saleen, and that Michaels has never been an officer, director or shareholder of SMS. (*Id*. at 12. ) SMS also asserts that Michaels is not a competitive decision maker because, with respect to SMS and Saleen, Michaels does not participate in the day to day operations, and he also does not participate in pricing or product design. (*Id*. at 15.)

On May 15, 2013, Judge Selna issued his minute order [77] that partly granted and denied the defendants' motion to dismiss SMS' third amended complaint ("TAC"). Judge Selna found the categories of SMS's trade secret claims as raised in the TAC are limited to the following: (1) SMS's pricing process, design and build process and methods for the SMS 570 Challenger; and (2) the pricing process, design and build process and methods (e.g., includes specific components and installation methodology to achieve maximum performance) for the SMS Supercharger. Consequently, SMS will presumably seek discovery from Connects for these categories of alleged trade secrets in connection with Connects' alleged competing products.

SMS Signature Cars, Inc. v. Connects Marketing, LLC, et al
SACV 12-1300 JVS (ANx)
October 30, 2013
Page 3
==============================================================================

## II. Analysis

After considering the disputing parties' respective contentions, the Court makes the following findings and rulings.

Deciding whether Michaels should be allowed to view Connects' AEO materials requires the Court to balance the risk to Connects if its AEO materials are disclosed to Michaels against the risk to SMS if Michaels is not allowed to view the AEO materials. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992). A "crucial factor" in determining whether there is a risk of disclosure turns upon whether Michaels is involved in "competitive decision making" and in that capacity may inadvertently disclose Connects' proprietary or confidential matters set forth in any AEO materials to SMS or Saleen. In *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), the Federal Circuit defined "competitive decision-making" as a "shorthand for counsel's activities, association, and relationship with a client that are such as to involve the counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *See U.S. Steel*, 730 F.2d at 1468 n. 3; *see also Brown Bag*, 960 F.2d at 1470 (citing *id.*). Because a counsel is unable to "lock-up trade secrets in his mind," the terms of a protective order and the good-faith assurances of an ethical counsel are insufficient on their own to safeguard the inadvertent disclosure of trade secrets. *See Brown Bag*, 960 F.2d at 1471; *Intel Corp. v. Via Technologies, Inc.*, 198 F.R.D. 525, 529-31 (N.D. Cal. 2000). If counsel is involved in competitive decision-making, "the risk of disclosure may outweigh the need for confidential information." *Intel Corp.*, 198 F.R.D. at 529. The party attempting to show the need for access to confidential information must show actual prejudice to that party's case and not just increased difficulty in managing the litigation. *Id*.

Applying the foregoing principles, the Court finds Michaels is a competitive decision-maker and, in that capacity, there is a risk he may inadvertently disclose Connects' proprietary or confidential matters contained in Connects' AEO materials to SMS, Saleen, or possibly one of his many other automotive clients that are competitors. The Court's finding includes the following factors: (1) Michaels is and has been the general counsel for both SMS and Saleen since their inception; (2) Michaels is one of four directors for Saleen,

SMS Signature Cars, Inc. v. Connects Marketing, LLC, et al
SACV 12-1300 JVS (ANx)
October 30, 2013
Page 4
===============================================================================

the other directors being Steve Saleen, Molly Saleen (Steve's daughter), and Robert J. Miranda; (3) SMS is a wholly-owned subsidiary of Saleen, a small, closely held corporation; (4) Molly is also a director of SMS, the plaintiff in this action (http://www.saleenautomotive.com/executives.html); (5) Michaels and his law firm provide "legal advisory, transaction advisory, and other legal services for Saleen and SMS" according to Saleen's 8-K (JS, Ex. B at 116); and (6) Michaels and his law firm provide a "wide array" of litigation, corporate, and transactional legal services to other automotive manufacturers, suppliers and distributors.[1/]

In support of SMS' opposing contentions, Michaels declares that SMS has its own set of officers and directors that are distinct from those of Saleen, and that he has never been an officer, director, or shareholder of SMS. (Declaration of Jonathan A. Michaels [85-8], ¶¶ 2-3.) He also declares that he does not participate in the "day to day operations", "pricing or product design" for either Saleen or SMS. (*Id*., ¶¶ 4-5.) However, as discussed above, Saleen's website indicates that Molly, Steve's daughter, is a director of SMS and Saleen.

Further, even though Michaels may not participate in the daily operations of Saleen or SMS, his declaration fails to negate the more probable scenario that, in his capacities as a Saleen director and general counsel for both SMS and Saleen, he periodically or

---

[1/]  According to its website, "[t]he Michaels Law Group offers exceptional services to its client base in a wide array of contexts. Having been involved in structuring complex domestic and international business transactions, we have the ability to properly structure your company's business endeavors. Having served as private counsel for some of the most notable people in society, we have the ability to provide personal counsel in a very unique fashion. And, with substantial experience litigating cases against some of the most formidable opponents, we have the ability to represent clients in litigation at all levels of state and federal court." http://www.michaelslawgroup.com/michaels-law-group-services.html). The firm's wide array of legal services include: complex civil litigation, venture capital financing, corporate structuring, PPMs, commercial transactions, outside general counsel, mergers and acquisitions, appellate review, corporate governance, intellectual property disputes, franchising, buy-sell agreements, mock trials, and mediation. *Id*.

SMS Signature Cars, Inc. v. Connects Marketing, LLC, et al
SACV 12-1300 JVS (ANx)
October 30, 2013
Page 5
==================================================================================

occasionally advises SMS and/or Saleen about litigation, corporate or transactional matters involving aspects of the "pricing process", design and build process, and methods that are the same or similar to those at issue in this case. In this regard, Michaels' conclusory, rather obtuse statement about not participating in "pricing or product design" matters does not adequately eliminate the risk that he may inadvertently disclose any proprietary information about Connects' pricing process, or Connects' design and build processes and methods, to SMS, Saleen, or other Michaels' automotive clients who compete with Connects. Further, due to the nature of SMS's trade secret claims, Michaels must become intimately familiar with the pricing process, design and build process and methods for the alleged competing products of SMS and Connects. Consequently, and in light of the many different hats that Michaels wears for SMS and Saleen, Connects has more than just an abstract concern that Michaels may inadvertently disclose to SMS or Saleen competitive confidential or proprietary information acquired from Connects.

Accordingly, the Motion is granted. Neither Michaels nor any Michaels Law Group employee may have access to AEO materials designated by Connects. The parties are further directed to proceed with finalizing a proposed confidentiality order and corresponding joint stipulation. In this regard, the Court has reviewed the proposed "Stipulated Protective Order" ("Proposed Order") attached as Exhibit D to the Joint Stipulation and finds it is unacceptable for the following reasons.

The Proposed Order does not set forth good cause for issuing a protective order pursuant to Fed. R. Civ. P. 26(c) ("Rule 26(c)") because "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003); *see also San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir. 1999); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Good cause must be shown even if the applicants stipulate to the issuance of the protective order. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). The Proposed Order is also unacceptable because the parties are essentially asking this Court to issue an improper

SMS Signature Cars, Inc. v. Connects Marketing, LLC, et al
SACV 12-1300 JVS (ANx)
October 30, 2013
Page 6
==============================================================================

blanket protective order. *Blum v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 712 F.3d 1349, 1349 n. 1 (9th Cir. 2013) (citing and quoting *Foltz*, the Ninth Circuit panel indicated the protective order issued by the district court was in the nature of an improper "'blanket' protective order because the [applicant] obtained the protective order 'without making a particularized showing of good cause with respect to any individual document.'") The Court finds what the parties really seek is an order governing the designation and handling of broad categories of materials or information that have not yet been identified, let alone requested for production, that a party may unilaterally designate as confidential in the future without making a particularized showing of good cause for Rule 26(c) protection. However, in order to distinguish the Proposed Order from a true protective order, the Court is willing to grant the parties leave to submit a revised stipulation and proposed order that is entitled "Order Governing the Designation and Handling of Confidential Materials" or simply "Confidentiality Order" that removes any references to the proposed order as a "protective order" in the body of the stipulation and proposed order.

Paragraph 6 is unacceptable to the extent it provides or suggests that the Proposed Order, once issued by the Court, may nevertheless be modified or amended by written agreement of the parties without the Court's written approval. Only the Court may modify a court order.

cc:    JUDGE SELNA
       All Parties                                      Initials of Deputy Clerk <u>shy</u>